**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

TOP SALES & SERVICES, INC.  
d/b/a TOPS SHOWBAR,

        CIVIL ACTION NO.
        1:09-CV-0442-RWS

    Plaintiff,

v.

CITY OF FOREST PARK,  
a municipal corporation,

    Defendant.

## **ORDER**

This case comes before the Court on Plaintiff's Motion for a Preliminary Injunction [2]. After a review of the pleadings and a hearing held on April 28, 2009, the Court enters the following Order.

### **Background**

Plaintiff Tops Sales and Services, Inc. d/b/a Tops Showbar ("Tops") filed this action challenging various ordinances of the City of Forest Park ("City" or "Defendant") as they relate to the regulation of adult entertainment

establishments, specifically, an adult entertainment business that Tops seeks to open in the City. Tops seeks injunctive relief against the City enjoining the enforcement of the challenged ordinances. (Dkt. No. [2].)

Tops currently leases property located at 3950 Jonesboro Road in the City of Forest Park (the "A Group property" or "the property") from The A Group, Inc. ("The A Group"). (Id. at 2.) Plaintiff contends that The A Group was issued a special permit in 1993 allowing the property to be used as an adult entertainment establishment. (Id.) The previous tenant, Red Eyed, Inc. ("REI"), operated an adult entertainment establishment on the property from 1993 to 2008 under a valid license issued by the City. (Id. at 4.) Anticipating REI's departure from the property, Tops entered into a lease agreement with The A Group in 2008 to lease the property for use as an adult entertainment establishment. (Id. at 5.) In March 2008, Tops submitted a complete adult entertainment and alcohol license application to the City for The A Group property. In June 2008, while still a tenant at The A Group property, REI filed an application with the City for an adult entertainment and alcohol license for 3920 Jonesboro Road, a property adjacent to the A Group property. (Id.) Tops alleges that in August 2008, the City enacted two resolutions favoring REI and

2

approved the request for transfer of the location of its license premises to 3920 Jonesboro Road. (Id. at 6.) Shortly following this approval, in September 2008, the City amended the distance requirement provision in the ordinance and enacted a 180-day moratorium on the issuance of adult entertainment licenses. (Id. at 7.) Tops contends that its adult entertainment application was improperly tabled pursuant to a revised ordinance provision enacted in 2009. Further, Tops claims that, in violation of due process, the City has failed to state a reason for its denial of the alcohol license application. (Id. at 8.)

Tops' Complaint rests on several grounds. Tops' Complaint challenges the constitutionality of the following City of Forest Park actions: (1) the Adult Entertainment Ordinance, § 9-12-4; (2) the Alcohol Code, § 9-2-4; (3) the refusal by the City to recognize the "grandfathered status" of the the A Group property; (4), and the 180-day moratorium. (Complaint [1] at ¶¶ 62-79.) Further, Tops contends that the failure by the City to provide ascertainable standards and a reasoned basis for the denial of the alcohol license constitutes a violation of O.C.G.A. § 3-3-2 and established state law. (Complaint [1] at ¶¶ 80-83.)

3

At the core of the Complaint, Tops alleges that the City improperly denied Tops an adult entertainment license as well as an alcohol license. In relief, Tops seeks a declaration by the Court that the City's adult entertainment and alcoholic beverages ordinances are unconstitutional, and a preliminary and permanent injunction preventing the City from enforcing its ordinances against Tops.

In response to the Motion for Preliminary Injunction, the City contends that Tops' assertions are moot due to the enactment of a 2009 ordinance which invalidates the previous 2008 ordinances and the moratorium. (Dkt. No. [8] at 7-10.) Further, Defendant argues that Tops can assert neither a vested right nor "grandfathered status" for use of the property as an adult entertainment establishment because such rights relate to zoning issues, not licensing issues. (Hearing April 28, 2009.) Finally, in the Hearing held before the Court, the City asserted what it claims to be a valid, uncontested basis for the denial of Tops' adult entertainment and alcohol license. (Id.)

## Discussion

Plaintiff seeks a preliminary injunction prohibiting the City from denying Tops an alcohol and adult entertainment license. A preliminary injunction is an

4

"extraordinary and drastic remedy[.]" Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985). To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002).

The Court finds that Plaintiff has failed to meet the burden of demonstrating a substantial likelihood of success on the merits. Plaintiff was denied an adult establishment and alcohol license based on the 2008 City ordinance. The Defendant argues that the City had a valid basis for the denial of Tops' adult entertainment and alcohol licenses. Tops' original application for an adult entertainment license was null because REI already possessed an adult establishment license for the property. (Hearing April 28, 2009.) The 2008 ordinance prohibited the issuance of more than one adult license for the same location. Further, Defendant was on previous notice of REI's intentions of relocating to a building next door to the property. (Id.) Therefore, any

5

subsequent adult entertainment application by Tops would violate the distance requirement provision contained in the ordinance. Plaintiff does not seek to challenge either the provision limiting the number of adult entertainment licenses per location or the distance requirement provision of the ordinance. Further, as the alcohol license accompanied the adult entertainment application, the denial of one necessitated the denial of the other. (See Letter from John Parker to Alan Begner, March 26, 2009.) The Court finds that the Defendant has presented evidence that raises substantial doubt about the likelihood that Tops will ultimately prevail on the merits.

## Conclusion

Based on the foregoing, Plaintiff's Motion for a Preliminary Injunction [2] is **DENIED**.

**SO ORDERED** this  5th  day of May, 2009.

_____
**RICHARD W. STORY**
United States District Judge

6

AO 72A
(Rev.8/82)