**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

TOP SALES & SERVICES, INC.    :
d/b/a TOPS SHOWBAR,    :
    :
       Plaintiff,    :
    :  CIVIL ACTION NO.
v.    :  1:09-CV-0442-RWS
    :
CITY OF FOREST PARK,    :
a municipal corporation,    :
    :
       Defendant.    :

## ORDER

This case comes before the Court on The A Group's Motion for Leave to File Amicus Curiae Brief [15], Defendant's Motion to Dismiss [16], Plaintiff's Motion for Reconsideration [23], Plaintiff's Motion to Add Party Plaintiff and Party Defendant [35], Plaintiff's Motion to Amend Complaint [36], Plaintiff's Motion for Oral Argument [44], Plaintiff's Motion for Leave to File Supplemental Memorandum of Law in Opposition to Defendant's Motion to Dismiss [48], The A Group's Motion to Intervene [49], Defendant's Motion to Strike Plaintiff's Supplemental Memorandum [50], and Plaintiff's Motion to

Take 30(b)(6) Deposition [53].  After a review of the record, the Court enters

the following Order.

## I.     Background

Plaintiff Tops Sales and Services, Inc. d/b/a Tops Showbar ("Tops") filed

this action challenging various ordinances of the City of Forest Park ("City" or

"Defendant") as they relate to the regulation of adult entertainment

establishments, specifically, an adult entertainment business that Tops seeks to

open in the City.

Tops' Complaint rests on several grounds. Tops' Complaint challenges

the constitutionality of the following City of Forest Park actions: (1) the Adult

Entertainment Ordinance, § 9-12-4; (2) the Alcohol Code, § 9-2-4; (3) the

refusal by the City to recognize the "grandfathered status" of the A Group

property; and (4) the 180-day moratorium. (Complaint [1] at ¶¶ 62-79.)

Further, Tops contends that the failure by the City to provide ascertainable

standards and a reasoned basis for the denial of the alcohol license constitutes a

violation of O.C.G.A. § 3-3-2 and established state law. (Complaint [1] at ¶¶

80-83.)  Plaintiff asks for an injunction against the enforcement of the

2

ordinances (Counts 2, 5, 6, and 8), an order declaring the ordinances

unconstitutional (Counts 3, 4 5, and 7), and damages (Count 10).

Following a hearing held on April 28, 2009, the Court denied Tops'

Motion for a Preliminary Injunction on the basis that Tops failed to demonstrate

a substantial likelihood of success on the merits. (Order dated May 6, 2009

[21].)  The Court shall now address the pending motions. The Court finds that

the parties have adequately briefed the issues such that a hearing is unnecessary.

Accordingly, Plaintiff's Motion for Oral Argument [44] is **DENIED**.

## II.    Motion for Reconsideration

As an initial matter, given that the Court has ruled on Plaintiff's Motion

for a Preliminary Injunction, The A Group's Motion for Leave to File Amicus

Curiae Brief [15] is **DENIED as moot**.

Tops petitions the Court for reconsideration of the ruling denying the

request for preliminary injunction. (Order dated May 6, 2009 [21].)  Under the

Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a

matter of routine practice[,]" but rather, only when "absolutely necessary."

L.R. 7.2(E), N.D.Ga.  Such absolute necessity arises where there is "(1) newly

discovered evidence; (2) an intervening development or change in controlling

3

law; or (3) a need to correct a clear error of law or fact." <u>Bryan v. Murphy</u>, 246

F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).  A motion for reconsideration may

not be used to offer new legal theories or evidence that could have been

presented in a previously filed motion or response, unless a reason is given for

failing to raise the issue at an earlier stage in the litigation. <u>Escareno v. Noltina</u>

<u>Crucible & Refractory Corp.</u>, 172 F.R.D. 517, 519 (N.D. Ga. 1994) (citing

<u>O'Neal v. Kennamer</u>, 958 F.2d 1044, 1047 (11th Cir. 1992)).  Similarly, a

motion for reconsideration may not be used "to present the court with

arguments already heard and dismissed or to repackage familiar arguments to

test whether the court will change its mind." <u>Bryan</u>, 246 F. Supp. 2d at 1259.

Finally, parties cannot use a motion for reconsideration as an opportunity to

show the court how it could have done better. <u>Id</u>.

Tops has failed to identify any basis for the Court to reconsider its Order

denying the motion for preliminary injunction.  The Order was based upon

extensive consideration of the Parties' briefs, oral arguments, and the relevant

law.  To the extent the Court refers in its Order to the "2008 City ordinance," it

clearly referred to the adult entertainment ordinance in effect in 2008.

Accordingly,  Plaintiff's Motion for Reconsideration [23] is **DENIED**.

AO 72A
(Rev.8/82)

## III. Motions to Amend

Plaintiff seeks to add The A Group as a party plaintiff in this litigation and individuals Corine Deyton, John Parker, Chief Dwayne Hobbes, Deborah Youmans, Sparkle Adams, Linda Lord, and Maudie McCord as defendants. (Dkt. No. [35] at 2.) Plaintiff further seeks to amend the Complaint to add claims related to City Ordinance 09-25. (Dkt. No. [36].)

Pursuant to Federal Rule of Civil Procedure 15(a), a party can amend a pleading once as a matter of course before a responsive pleading is filed.[1] A motion to dismiss is not considered a responsive pleading. McLellan v. Mississippi Power & Light Co., 526 F.2d 870, 872 n.2 (5th Cir. 1976). When the motions to amend were filed, no Rule 16 scheduling order had been entered. Also, no responsive pleading has been filed to the original Complaint. Therefore, Plaintiff may file the Amended Complaint as a matter of course. Plaintiff's Motion to Amend Complaint to Add Party Plaintiff and Parties

---

[1]Federal Rule of Civil Procedure 15(a) was amended effective December 1, 2009. The amendment applies to pending proceedings "insofar as just and practicable." (Orders of the Supreme Court of the United States Adopting and Amending Rules, Order of March 26, 2009.)

Defendant [35] is **GRANTED**.[2]  Also, Plaintiff's Motion to Amend Complaint

[36] is **GRANTED**.[3]

## IV.    Motion to Dismiss

Defendant's Motion to Dismiss [16] challenges Plaintiff's original

Complaint.  In light of the Court's Ruling in Section III hereof granting

Plaintiff's motions to amend the complaint, Defendant's Motion to Dismiss [16]

is **DENIED**.  Defendant is granted leave to file a Motion to Dismiss the

Amended Complaint within twenty-one (21) days of the entry of this Order.

Also, Plaintiff's Motion for Leave to File Supplemental Response [48] and

Defendant's Motion to Strike Plaintiff's Supplemental Response [50] are

**DENIED**.

## V.    Motion for Leave to Take Deposition

Plaintiff Tops requests leave from the Court to take depositions in the

---

[2]Given this ruling, the Court need not make a separate determination on The A Group's Motion to Intervene [49].  The Court holds that The A Group may be added as a party plaintiff.  The A Group's Motion to Intervene [49] is **DENIED as moot**.

[3]Plaintiff submitted an Amended Complaint [37] but filed motions separately addressing additional parties [35] and additional claims [36].  Rule 15 authorizes a party to amend once as a matter of course.  Though Plaintiff filed two separate motions, the Court deems it appropriate to treat the motions as the first amended complaint as the motions were filed at the same time with one proposed amended complaint.

AO 72A
(Rev.8/82)

case under Fed. R. Civ. P. 30(a). Under Local Rule 26.2, discovery does not commence in a suit until thirty days after the appearance of the first defendant by answer. Rather than filing an answer in response to Tops' Complaint, Defendant filed the Motion to Dismiss discussed in Section IV of this Order. Accordingly, the discovery period has not yet begun. The Court has granted Defendants leave to file a Motion to Dismiss the Amended Complaint. Because claims and parties may be removed from the case as the result of that motion, the Court finds that discovery should be delayed until the motion, if it is filed, is ruled upon. At this time, it does not appear that discovery will be required for Plaintiffs to respond to such a motion. Therefore, Plaintiff's Motion for Leave to Take Deposition and Obtain Production of Documents [53] is **DENIED**.

## Conclusion

Based on the foregoing, The A Group's Motion for Leave to File Amicus Curiae Brief [15] is **DENIED, as moot**, Defendant's Motion to Dismiss [16] is **DENIED**, Plaintiff's Motion for Reconsideration [23] is **DENIED**, Plaintiff's Motion to Add Party Plaintiff and Parties Defendant is **GRANTED** [35], Plaintiff's Motion to Amend Complaint [36] is **GRANTED**, Plaintiff's Motion for Oral Argument [44] is **DENIED**, Plaintiff's Motion for Leave to File

AO 72A
(Rev.8/82)

Supplemental Memorandum of Law in Opposition to Defendant's Motion to Dismiss [48] is **DENIED**, The A Group's Motion to Intervene [49] is **DENIED as moot**, Defendant's Motion to Strike Plaintiff's Supplemental Memorandum [50] is **DENIED**, and Plaintiff's Motion to Take 30(b)(6) Deposition [53] is **DENIED**.

**SO ORDERED** this _ 12th _ day of March, 2010.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE